216 So.2d 365 (1968)
Charles LADNER, Plaintiff-Appellant,
v.
Ann ANDREWS et al., Defendants-Appellees.
No. 2490.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
Provosty, Sadler & Scott, by Richard B. Wilkins, Jr., Alexandria, and Duke & Porterie, New Orleans, for plaintiff-appellant.
Gold, Hall & Skye, by John F. Simon, Alexandria, for defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
HOOD, Judge.
Plaintiff, Charles Ladner, instituted this suit for damages for the death of his wife, who was killed when the automobile in which she was riding was struck by an automobile allegedly being driven by Ann Andrews. The suit was instituted against several defendants, including Miss Andrews, Mr. and Mrs. Scotty E. Taylor and Aetna Casualty & Surety Company of Hartford, Connecticut. On motion of Mr. and Mrs. Taylor and Aetna, and after a hearing, a summary judgment was rendered by the trial court dismissing the suit as to Aetna, and another such judgment was rendered dismissing it as to Mr. and Mrs. Taylor. Plaintiff has appealed only from the judgment which dismissed the suit as to Aetna.
The accident occurred on September 27, 1966. At that time there was in force and *366 effect a family automobile liability policy issued by Aetna to defendant Taylor, the said Scotty E. Taylor being the named insured in that insurance contract. The policy provided that with respect to liability coverage in the operation of a non-owned automobile, the term "insured" included "a relative of the named insured who is a resident of the same household."
Ann Andrews, who was 18 years of age when the accident occurred, is the granddaughter of Mr. and Mrs. Taylor. The automobile which she allegedly was driving when the accident occurred was not owned by Mr. or Mrs. Taylor. Plaintiff contends that at the time the accident occurred Miss Andrews was a "resident of the same household" as that of her grandparents, and that she thus was an "insured" under the Aetna policy. The trial judge concluded that she was not a resident of the Taylor household, and that accordingly she was not an insured under the policy which Aetna had issued to Taylor. A summary judgment was rendered, therefore, dismissing the suit as to Aetna.
Plaintiff contends that the trial court erred in concluding that Miss Andrews was not a resident of the Taylor household. He argues that there at least is a genuine issue as to that fact, and that for that reason alone the summary judgment appealed from thus should be reversed and the case remanded for trial on the merits.
The affidavits and depositions which were introduced in evidence at the hearing in the motion for summary judgment show that Ann Andrews was born on May 5, 1947, that her parents were divorced in 1950 or 1951, that the custody of the said Ann Andrews was awarded to the mother, and that this award of custody has not been changed since that time. Miss Andrews and her mother lived with her grandparents, Mr. and Mrs. Taylor, in Cheneyville, Louisiana, from the time the divorce was granted until sometime in 1961. In 1961 the mother of Ann Andrews remarried and moved from Cheneyville to Bunkie, Louisiana. Miss Andrews, however, continued to reside in the home of her grandparents for about four more years.
Ann Andrews graduated from high school in May, 1965, and she then moved to Waco, Texas, and resided with relatives there. In January, 1966, she left Waco, and returned to the home of her grandparents, in Cheneyville, where she stayed for a period of about one week. She then moved to Alexandria, Louisiana, where she obtained employment with the telephone company. She rented a room in that city, and she has resided there continuously since January, 1966. She was living there when the accident occurred on September 27, 1966.
Some time after the accident occurred, the employees at the telephone company went on strike, and during that strike Miss Andrews returned to Cheneyville and lived with her grandparents for a period of about one month. She then returned to Alexandria, where she resumed her employment and where she has continued to live. Miss Andrews has not returned to the home of her grandparents since May, 1965, except for the two incidents which have been mentioned specifically and except for a few other brief visits on weekends.
Mr. and Mrs. Taylor have not provided Miss Andrews with any supervision or support, and they have not cared for her or for any of her belongings, since she left their household in May, 1965. Since that date they have not kept a room available for her, and Miss Andrews does not keep any of her clothes or belongings in the Taylor home.
There is no genuine issue as to any of the above stated facts. The question is presented, therefore, as to whether under these facts Miss Andrews was a resident of the Taylor household, within the meaning of the Aetna policy, at the time the accident occurred.
"Whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case, but mere isolated facts cannot be relied on wholly *367 to determine the question." 77 C.J.S. Resident, p. 307; Taylor v. State Farm Mutual Automobile Ins. Co., 248 La. 246, 178 So.2d 238 (1965).
In Taylor v. State Farm Mutual Automobile Ins. Co., supra, where a similar issue was presented, our Supreme Court concluded that an unemancipated minor was a resident of his father's household in Arkansas, although he had a job and was living with his uncle in Louisiana when the accident occurred. In that case, the minor son had lived with his parents all of his life, he came to Louisiana to work with his uncle only about two months before the accident occurred, he brought with him only the clothes which he needed for work, and he visited his parents several times when he had time off during that two month period. The Supreme Court, although noting that "residence" and "domicile" are not synonymous terms, considered the fact that the boy's domicile and legal residence was in his father's home, that he was a member of his father's family, and that the parents were obligated to support him. The court found that there was no conclusive evidence to show that the minor had made a permanent residence in Louisiana at the time of the accident.
In the instant suit Miss Andrews had not resided in the home of either of her parents for several years before this accident occurred. Her grandparents were under no legal obligation to support or care for her. And, in any event, she had not resided in the home of her grandparents for a period of about 16 months before the date of the accident. We do not consider the one week visit which she made to the Taylor home on January, 1966, as re-establishing a residence there, and that appears to be the only substantial visit which she made to that home during this 16 month period.
Miss Andrews stated by affidavit and by deposition that she considered Alexandria as being her permanent residence at the time the accident occurred, and that she was not a resident of the Taylor household at that time. Her grandparents also state by affidavit, and Mrs. Taylor testified by deposition, that Miss Andrews was not residing in their home when the accident took place.
Applying the rules set out in the Taylor case, supra, we conclude, as did the trial judge, that Miss Andrews was not a resident of the household of her grandparents when this accident occurred, that she thus was not an insured under the Aetna policy, and that the trial judge did not err in rendering a summary judgment dismissing the suit as to Aetna.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.