BOLIN, Judge.
Mrs. Joy Compton, while driving a community-owned automobile west on U. S. Highway 80 in Bossier City, Louisiana, was involved in an intersectional collision with a car being driven south on Airline Drive by Mrs. Bobbie Lodestro. Miss Caroline Taylor was a passenger in the Compton vehicle. Mrs. Compton and her husband sued for damages for personal injuries and medical expenses. For oral reasons the trial judge awarded Mrs. Compton $3500 for personal injuries and granted her husband $849.85 for expenses incurred by the community.' Defendants, Mr. and Mrs. Lodes-tro and their liability insurer, Commercial Standard Insurance Company, appeal.
The accident occurred during daylight hours, the weather was dry and visibility was good. U. S. Highway 80 is a paved four-lane thoroughfare running generally east and west. Airline is a hard-surface street running north and south. Traffic at the intersection is controlled by an electric semaphore signal light. The light cycle for east and west traffic on Highway 80 is as follows: green, amber and red. The sequence of lights on Airline is red to green.
Mrs. Lodestro and Mrs. Compton each charge the other with running a red light. Mrs. Compton testified she entered the in-teresection on the green light. Her passenger, Miss Taylor, testified that as the Compton car passed under the signal the light turned from green to amber. Mrs. Lodestro testified that when she first noticed the light on Airline it was red to her; that she slowed her car until the light turned green and then proceeded into the intersection and the collision occurred. Mr. John Pickering, who observed the accident, was driving a car north on Airline. He had stopped, in obedience to a red light, and was waiting at the intersection for the light to turn green so he could proceed. He testified he saw the Compton car approaching from the east on Highway 80; that the light turned amber to the Compton car before it got under the light. Immediately after the collision he again looked at the light and it was green for traffic on Airline and red to Mrs. Compton. He did not say Mrs. Compton ran a red light.
The only substantial conflict in the evidence is between the testimony of Mrs. Lodestro and that of Mrs. Compton. From our review of the record we find Mrs. Lo-destro ran a red light. We further find that when the collision occurred Mrs. Compton was in the act of completing the crossing while the light was amber to her.
Louisiana Revised Statute § 32:232 provides in part as follows :
“Whenever traffic is controlled by traffic-control signals exhibiting the words *508 ‘Go’, ‘Caution’, or ‘Stop’, or exhibiting different colored lights successively at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows:
“(1) GREEN alone, or GO:
“(a) Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent cross walk at the time such signal is exhibited.

“(2) Steady YELLOW or AMBER alone:
“(a) Vehicular traffic facing the signal is thereby warned that the red or ‘Stop’ signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red or ‘Stop’ signal is exhibited.”

Having found Mrs. Compton was not in the process of crossing the intersection when a red signal was exhibited, she was not guilty of contributory negligence. Having further found Mrs. Lodestro entered the intersection before the signal light turned green for her, we conclude she was guilty of negligence which was the proximate cause of the accident.
The accident caused Mrs. Compton to suffer a moderate to severe whiplash-type injury. Her injuries were painful and necessitated her being hospitalized on two occasions and placed in traction for the relief of her pain. Defendants had Mrs. Compton examined by an orthopedic surgeon approximately seven months after the accident. This doctor testified that at that time she had not completely recovered from her injuries. For her personal injuries Mrs. Compton was awarded $3500. Since the award was clearly not excessive, and since Mrs. Compton has not asked for an increase in the award, we deem it unnecessary to comment further on this portion of the judgment. The amount awarded as special damages was made pursuant to a joint stipulation.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.