228 So.2d 321 (1969)
Roland MANUEL, Plaintiff-Appellee,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant-Appellant.
No. 2875.
Court of Appeal of Louisiana, Third Circuit.
November 25, 1969.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Francis E. Mire, Lake Charles, for plaintiff-appellee.
Before TATE, CULPEPPER and MILLER, JJ.
TATE, Judge.
The plaintiff was struck and injured through the negligence of an uninsured motorist. The principal issue on this appeal is whether he was a "resident of the same household" as his father, the named insured, so as to be within the protection of *322 the uninsured motorist's coverage issued to the latter by the defendant insurer.[1]
The trial court resolved this issue in favor of the plaintiff and granted him recovery. The defendant insurer appeals.
The evidence shows that the plaintiff, Roland Manuel, was a 24-year-old son at the time of the accident. He was attending college in Lafayette, Louisiana, some 40 miles distant from his father's home.
While in Lafayette, he rented an apartment, in which he had lived during the school weeks for the four months of the semester in question. However, he kept most of his possessions and clothes in his father's home, to which he returned every weekend and on vacation. That, he was injured while at home with his father on a weekend.
His permanent mailing address was at his father's home, where he received his bills and government allotment checks. (He was a discharged veteran who had returned to school after his military service.)
He had changed his temporary college residences several times before trial, but he always returned home weekly and during vacations to his room in his father's house. He and those who testified regarded his father's house as his home.
We find no error in the trial court's factual finding that the plaintiff was a resident of his father's householdthat his residence (indeed, his principal residence) was with his father.
Under the evidence, even if the temporary dwelling places in which he lived during the college week were his residences, nevertheless, he was also a resident in his father's home, where he maintained his possessions and to which he returned weekly and which was, in fact, his permanent home. While a person may have only one domicile (his permanent residence and principal establishment), he may as a matter of fact have more than one residence (his actual dwelling place, or where he actually lives).
See: Taylor v. State Farm Mut. Auto. Ins. Co., 248 La. 246, 178 So.2d 238; Stavis v. Engler, La.App. 4th Cir., 202 So. 2d 672; Vehrs v. Jefferson Ins. Co., La. App. 3d Cir., 168 So.2d 873; Foreman v. Jordan, La.App. 3d Cir., 131 So.2d 796.
The defendant-appellant relies upon Ladner v. Andrews, La.App. 3d Cir., 216 So.2d 365. The decision applies to distinguishable facts. There, a grandchild who had formerly lived with her grandparents, was held to be no longer a resident of their household for purposes of liability insurance coverage.
The grandchild had completed her schooling and had moved to a nearby city, where she obtained full-time employment. She rented her own apartment there. She returned to her grandparents' home only for a few brief visits on some weekends during the nine months she had lived away before the accident.
Here, however, the plaintiff had never moved from his permanent home with his parents. His schooling residences were intended to be temporary in nature, and he had never severed his ties with his parents' home as his permanent residence to which he returned whenever free. He actually lived with his father, within the meaning of the policy term of being "a resident of the same household."
Thus, in Giese v. Karnstedt, 30 Wis.2d 630, 631, 141 N.W.2d 886 (1966), a son who had enlisted in the military service for a temporary three-year term was held still to be a member of his father's household. He had left his unneeded personal belongings with his father and used his father's home as his permanent mailing address. The court noted, in so holding, that *323 the absence from the family roof should be of a temporary nature with intent on the part of the absent person to return thereto. See also Doern v. Crawford, 36 Wis.2d 470, 153 N.W.2d 581 (1968) (husband who left home six days before accident and instituted divorce suit, still member of same household as wife and stepson, because of credible evidence of his intention to return home if possible after merely temporary separation).
With regard to quantum, we find no abuse of discretion in the trial court's award of $4,000 general damages for a moderately severe spraining whiplash injury to the neck, which required six months of medical treatment for relatively severe complaints of pain and headaches, and with diminishing residual symptoms for another five months.
For the foregoing reasons, we affirm the trial court judgment, at the cost of the defendant-appellant.
Affirmed.
NOTES
[1] See also La.App., 212 So.2d 527, an earlier appeal, in which the proceedings were remanded for further proof of the non-insured status of the negligent motorist.