FRUGÉ, Judge
(dissenting).
I do not agree with my brethren in their conclusion that the trial court committed manifest error in making the award in this case. I cannot find, as has the majority, that the facts and circumstances of this case nor the cases in this area indicate any clear abuse of the “much discretion” of the trial court. Perhaps too much concern is being given to keeping damages for this type of injury in alignment with other cases and by doing so ignore the “much discretion” vested in the trial court. Similar cases can be found which gave awards similar to that given by the trial court. See: Manuel v. American Employers Insurance Co., 228 So.2d 321 (La.App.3rd Cir., 1969); Fontenot v. Liberty Mutual Insurance Co., 228 So.2d 327 (La.App.3rd Cir., 1969); Compton v. Commercial Standard Insurance Company, 224 So.2d 506 (La.App.2nd Cir., 1969); O’Neal v. State Farm Mutual Automobile Insurance Co., 226 So.2d 596 (La.App.2nd Cir., 1969); Caracci v. Christiana Brothers Poultry Co. of Gretna, Inc., 212 So.2d 509 (La.App.4th Cir., 1968); Adams et al., v. Allstate Insurance Co. et al., 212 So.2d 204 (La.App.4th Cir., 1968), writs refused 252 La. 888, 214 So.2d 716 (1968).
“The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.” Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
For the foregoing reasons, I respectfully dissent.