SAMUEL, Judge.
Plaintiffs filed this suit for damages for the alleged wrongful death of their minor daughter, Erin Sheppard, who was killed on October 16, 1976 when an automobile in which she was riding as a guest passenger collided with a parked crane. The suit names these defendants: Brian Butler, the *1213 minor driver of the automobile who was 17 years of age at the time of the accident; Della Michala, his mother; Road Equipment Company, Inc. (improperly designated as Reco, Inc.), the owner of the crane; North River Insurance Company, plaintiffs’ own liability insurer under the uninsured motorist provision; and Bellefonte Insurance Company, liability insurer of Bobby F. Butler, father of Brian Butler. Plaintiffs’ claim against Bellefonte is a direct action against that insurance company and plaintiffs do not name Bobby F. Butler, the father of the driver, as a defendant.
A motion for summary judgment filed by Bobby F. Butler and Bellefonte Insurance was granted and judgment was rendered on that motion dismissing plaintiffs’ claims against them.[1] The judgment is based upon the fact that Brian Butler, the driver, was not a resident of the household of his father at the time of the accident and thus Brian was not an insured under the Belle-fonte policy. Plaintiffs have appealed from that judgment, but only insofar as it dismisses Bellefonte.
The issues thus presented by this appeal are: (1) whether summary judgment is appropriate and justified in this matter; and, if so, (2) whether Brian Butler, the driver, was an insured under his father’s policy with Bellefonte at the time of the accident.
Relative to the rendition of summary judgments, in pertinent part Code of Civil Procedure Article 966 provides:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. Art. 966.
We are satisfied that, insofar as this limited appeal is concerned, there is no genuine issue as to material fact. The record contains an affidavit by Bobby F. Butler, the father of the driver, a deposition by Della Michala, the mother of the driver, a copy of the Bellefonte policy which was in force and effect at the time of the accident, a copy of a judgment awarding care, custody and control of Brian to his mother, and a copy of Brian’s enlistment in the United States Marines. This evidence establishes to our satisfaction, as it did to the satisfaction of the trial judge, that there is no genuine issues as to the following facts:
Brian’s parents were divorced and subsequently his father remarried and lived with his second wife in Chalmette, Louisiana. Brian’s mother lived in Kenner, Louisiana. On March 7, 1975, the care, custody and control of Brian was granted to his mother by order of a judge of the 25th Judicial District Court, Parish of St. Bernard, sitting as a juvenile court. Thereafter Brian resided with his mother for a short time and then resided at various places unknown to his mother and apparently with various friends also unknown to her except by hearsay as to some of them. On May 20, 1976 Brian enlisted in the United States Marine Corps Reserve for a period of six years. On the day of the accident, October 16, 1976, he apparently was on leave and was on his way to Belle Chasse, Louisiana to pick up his further orders. On that day he stopped at his mother’s house and she went with him to purchase a car from a used car lot in Jefferson Parish. The car was purchased by Brian who made arrangements with his mother to pay the installments due in the future. The financing could not be completed until the following Monday but the salesman allowed Brian to take the ear out that day. The accident happened later that day. Brian was not residing with his father at the time the accident occurred.
Under the provisions of the Bellefonte policy issued to Brian’s father, the policy on which plaintiffs’ claim against Bellefonte is based, Brian is an insured only if he is “a *1214 relative of the named insured [Mr. and Mrs. Bobby F. Butler] who is a resident of the same household”. As we have found the evidence supports a conclusion that Brian was not residing at the home of his father at the time of the accident, we conclude the trial court correctly granted the motion for summary judgment.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. One of the named defendants, Road Equipment, filed a third party demand against both Bobby F. Butler and Bellefonte. However, Road Equipment did not make an appearance at the hearing of the motion for summary judgment and that judgment does not mention Road Equipment.