391 So.2d 934 (1980)
Patricia M. EARL, Plaintiff-Appellee,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellant.
No. 14355.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
*935 Charles B. Bice, Winnfield, for plaintiff-appellee.
Kostelka, Swearingen & Street by C. Daniel Street, Monroe, for defendant-appellant.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
Defendant, Commercial Union Insurance Company, appeals a judgment against it awarding plaintiff, Patricia M. Earl, $3500 for personal injuries sustained in an accident with an uninsured motorist.
On December 23, 1976, plaintiff was involved in an automobile accident in Houston, Texas, which was caused solely by the negligence of the other driver, an uninsured motorist. Plaintiff was driving a 1976 Chevrolet Chevette owned by her father, Elvin Earl, Sr., who had purchased for this vehicle a public liability policy with Aetna Life and Casualty Company containing uninsured motorist coverage. Plaintiff settled her claim with Aetna under its uninsured motorist coverage for the sum of $9500.
Earl, Sr., also owned another automobile on which a public liability policy had been issued by defendant containing uninsured motorist coverage. Although the car in which plaintiff was riding was not named in defendant's policy, plaintiff seeks to recover additional damages from defendant based upon the uninsured motorist coverage in this policy.
It was stipulated at trial that if plaintiff was entitled to recover from defendant, she should receive damages in the amount of $3500.
Defendant contested coverage on the grounds that (1) plaintiff was not a resident of the same household as the named insured and for this reason was not an insured under defendant's policy which required the relative to be a member of the named insured's household in order to be insured and (2) the policy excluded coverage on owned vehicles not listed in the policy as an insured automobile.
The trial judge found plaintiff was a resident of the same household as her father, the named insured, and found the exclusion void because it violated the public policy of the uninsured motorist statute. Defendant assigns each of these findings as error on appeal.
Plaintiff must be residing in the same household as her father, the named insured, in order to be an insured under defendant's policy. The policy provides insurance for the "named insured and any relative". The policy defines relative as "relative means a relative of the named insured who is a resident of the same household."
The leading Louisiana decision interpreting the meaning of "a resident of the same household" in an insurance policy is the case of Taylor v. State Farm Mutual Auto Ins. Co., 248 La. 246, 178 So.2d 238 (1965). In this case a 19 year old boy, a minor who finished high school in May, had left his parents' home in Arkansas and moved to Louisiana in July to live with his uncle. He *936 was living with his uncle and earning his own support. The uncle, a dragline operator, secured the boy a job as an oiler on the dragline. After the boy had been in Louisiana living with his uncle for about 2 months, the boy went to sleep while driving his uncle's motor vehicle and had an accident. The uncle, a passenger in the vehicle, was seriously injured, and sued the insurer of the boy's father's auto, alleging the boy was insured under the policy. The issue in the case reviewed by the supreme court was whether the 19 year old minor was a resident of the same household as his father in Arkansas, and therefore an insured under his father's public liability insurance policy. The court considered the fact that the boy was a minor as an important factor to consider in determining whether or not the boy was a resident of his father's household. The court recognized that LSA-C.C. art. 39[1] which provides that the domicile of a minor is that of his father was not controlling because there is a difference between domicile, of which an individual can have only one, and a residence, of which an individual can have more than one. The court, in a thorough analysis, citing common law authorities and dictionaries, concluded that an individual who can be categorized as a member of the family group comes within the definition of a resident of the same household even though he may temporarily reside at a place other than the place where the family group resides. The court concluded that the minor was a member of his father's family for the following reasons:
A. He continued to visit his parents.
B. He was free to return to his father's home.
C. There was no evidence that his parents were not willing to support him or were not legally obligated to support him.
D. There was no evidence that he had permanently established his residence in Louisiana.
Plaintiff is an 18 year old, but due to the 1972 amendment to LSA-C.C. art. 37[2] she is a major, whereas the 19 year old in Taylor, supra, before the amendment was considered a minor.[3] With this single exception, the cases are otherwise very similar.
Plaintiff had resided in Winnfield, Louisiana with her parents all her life until August, 1976. She finished high school in May, 1976, and planned to attend college at such time in the future as her parents became financially able to send her. There is evidence that her parents believed they could afford to send her to college in 1977. Plaintiff went to Houston for a visit with her cousin in August, 1976 and while there found a job as a nurse's aide in a nursing home. While she was in Houston, her father bought and financed a car for her in his name. Though plaintiff was expected to pay the notes on the vehicle, her father helped her pay the car installments when necessary. Plaintiff's parents sent her money for other living expenses when she needed it. Her room in the family home in Winnfield was maintained. She left her radio and TV in the room along with some clothing which she did not need in Houston. During the four months she was living in her cousin's home in Houston she visited her parents three times. The testimony of plaintiff, her mother, and her father established that plaintiff only intended to remain in Houston temporarily. A fair evaluation of the testimony of these witnesses establishes that plaintiff intended to return to her father's home and retain it as her residence while she attended college out of town. There is an isolated answer given by *937 the father in his deposition that he considered his daughter's move to Houston permanent, but this statement is contrary to all the remaining portion of the deposition; and we conclude that the totality of the father's deposition establishes he considered his 18 year old daughter remained a part of his family group who permanently resided with him. He helped her financially while she was in Houston and intended to help her go to college.
When plaintiff was injured in December, 1976, she returned to her parents' home where she remained until June, 1977, at which time she went to college in Dallas, Texas. Her father paid part of her school expenses.
The trial judge made the following finding of fact:
"The depositions of plaintiff and her parents establish that plaintiff graduated from high school in May, 1976. At all time prior thereto, plaintiff lived with her parents. In the summer of 1976, she went to Houston with a relative for a visit. She and her parents planned for her to enter college, however, the financial situation of Mr. and Mrs. Earl was such that plaintiff could not attend college that fall.
At the end of her visit in Houston, plaintiff asked and received her parents' permission to stay in Houston. Plaintiff became employed, continued to live at her relative's home, and contributed some money to the relative to help with the cost of groceries and utilities. Plaintiff kept only the clothes she needed in Houston and her remaining clothes and personal possessions remained in Winnfield at the home of her parents.
I find that plaintiff was a resident of the household of Elvin Earl. The evidence establishes that the stay in Houston was temporary. Her parents continued to contribute to her support and furnished her the automobile she was driving at the time of the collision."
The record fully supports the trial judge's conclusion, and we agree with his finding of fact.
The cases of Ladner v. Andrews, 216 So.2d 365 (La.App. 3d Cir. 1968); Hamilton v. State Farm Mutual Auto. Ins. Co., 364 So.2d 215 (La.App. 3d Cir. 1978); Scott v. Continental Ins. Co., 259 So.2d 391 (La.App. 2d Cir. 1972); and Sheppard v. North River Ins. Co., 362 So.2d 1212 (La.App. 4th Cir. 1978), relied on by appellant, are inapplicable because the facts in those cases establish the relative sought to be made an insured had each permanently moved from the residence of the named insured and was no longer a member of his family group at the time of the accident.
Defendant contends that because plaintiff here is a major that she cannot be a resident of her father's household while living in Houston. We disagree because all of the factors that the court considered as important in Taylor v. State Farm, supra, as establishing that the 19 year old boy remained a member of his father's family and was only temporarily absent from his father's household, were equally present in the case of the 18-year old plaintiff here.
In Manuel v. American Employers Ins. Co., 228 So.2d 321 (La.App. 3d Cir. 1969), the plaintiff, a major, age 24, was injured by an uninsured motorist and sued his father's uninsured motorist carrier. The issue was whether plaintiff was a resident of his father's household. Plaintiff was attending college away from home and maintained an apartment in the city where the college was located. He kept most belongings at his father's home and returned to his father's home every weekend. He never severed ties with his parents' home and was absent from the family roof only temporarily. He was therefore considered a resident of the same household.
The determination of whether a relative, not residing with the named insured at the time of the accident, is a member of the same household of the named insured must be made upon an evaluation of all the facts. If the relative is a minor child of the named insured who is in the custody of the named insured, and for whom the named insured is legally responsible, *938 these facts establish the minor is a member of the insured's family group if supported by other circumstances which indicate the minor is only temporarily absent from the insured's household. The relative, who is temporarily residing at a place other than the home of the named insured, need not be a minor child of the named insured in order to be a member of the same household as the named insured. The major relative remains a member of the named insured's household if the facts establish that he is only temporarily absent from it and that during this absence he has retained his status as a member of the named insured's family group.
Plaintiff was only temporarily in Houston. She visited her parents during her absence and there were plans for her to return to her father's residence and attend college. She retained her room in her father's home and there left part of her possessions. Her father aided her financially during her absence, and when she was injured she returned to her father's household to convalesce. Plaintiff was only temporarily absent from her father's household at the time of the accident and had retained her status as a member of her father's family group.
We conclude that plaintiff is a member of the same household as defendant's named insured.
The exclusion at issue is found in Part IV of defendant's policy "Protection Against Uninsured Motorists", and reads as follows:
"Exclusions: this policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;..."
This exclusion has been held contrary to the public policy of the uninsured motorist statute (specifically LSA-R.S. 22:1406D(1)(a)). This public policy was described by our supreme court in Booth v. Fireman's Fund Ins. Co., 253 La. 521, 218 So.2d 580 (1968), as follows:
"We conclude that the intent of our uninsured motorist statute and the policy endorsement issue thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists." Id. at 583.
While this adjudication of the intent of the uninsured motorist statute was not necessary to the decision in Booth, supra, we agree that the underlying purpose of the law is to extend coverage to an insured who becomes a victim of the negligence of an uninsured motorist.
The mandatory requirements of LSA-R.S. 22:1406D(1)(a) are as follows:
"(1)(a). No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. ..." [emphasis added].
This statute requires each automobile liability policy to provide uninsured motorist coverage and requires broad coverage and protection to an insured from harm caused by an uninsured motorist without regard to whether the insured is in the insured vehicle. We agree with the Third Circuit in Elledge v. Warren, 263 So.2d 912 (La.App. 3d Cir. 1972), that any policy provision which narrows the coverage mandated by the statute will not be enforced.
Exclusions identical to the one present in defendant's policy were considered in Elledge v. Warren, supra; Thomas v. Nelson, 295 So.2d 847 (La.App. 1st Cir. *939 1974), writ denied 299 So.2d 791; Guillot v. Travelers Indemnity Co., 338 So.2d 334 (La. App. 3d Cir. 1976); and Bourgeois v. U. S. Fidelity & Guaranty Co., 385 So.2d 584 (La. App. 4th Cir. 1980). In each case the respective Courts of Appeal refused to give effect to an exclusion such as the one present here. Because of the broad coverage required by the uninsured motorist statute, the courts have held invalid the exclusion because it was in derogation of the uninsured motorist law which requires coverage on an insured when he is riding in an uninsured motor vehicle, walking, or rocking on his own front porch (to paraphrase Elledge, supra).
This is the first time this Circuit has been required to consider the validity of the exclusion. We agree with the First, Third, and Fourth Circuits that the exclusion is in derogation of the requirements of LSA-R.S. 22:1406, and that the intent of the law is to provide protection to an insured who is the innocent victim of the negligence of an uninsured motorist, even when the insured is riding in a vehicle which is not insured under the policy providing the insured motorist coverage. We therefore hold this exclusion to be invalid because it restricts uninsured motorist coverage in derogation of the statute.
For the reasons assigned, AFFIRMED at appellant's cost.
NOTES
[1] LSA-C.C. art. 39: A married woman has no other domicile than that of her husband; the domicile of a minor not emancipated is that of this father, mother, or tutor; a person of full age, under interdiction, has his domicile with his curator.
[2] LSA-C.C. art. 37-Minors are those who have not attained the age of eighteen years.
[3] LSA-C.C. art. 37-Minors are those of both sexes, who have not yet attained the year of one and twenty years complete; and they remain under the direction of tutors till that age. When they have attained that age, then they are said to be of full age.