408 So.2d 1167 (1981)
Valencia A. SCOTT
v.
John GLENN, Northern County Mutual Insurance Company and Allstate Insurance Company.
No. 12723.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1981.
*1168 Jacob Kansas, New Orleans, for plaintiff-appellant.
Christopher E. Lawler, Robert Stern, Donovan & Lawler, Metairie, for defendant-appellee Allstate Ins. Co.
Before REDMANN, SCHOTT and KLEES, JJ.
SCHOTT, Judge.
Plaintiff was injured in an accident on February 2, 1978, while she was a passenger in an automobile driven by John Glenn. She brought suit against Allstate Insurance Company, the liability insurer of her father under the uninsured motorist provisions of the policy. Allstate filed a motion for summary judgment to contest coverage on the ground that plaintiff was not a resident of the household of their insured, plaintiff's father, at the time of the accident. The court granted the motion and plaintiff has appealed. The issue is whether the deposition of plaintiff, her answer to interrogatories and an affidavit show that there is no genuine issue as to material fact with respect to plaintiff's residence so that Allstate was entitled to summary judgment as a matter of law pursuant to LSA C.C.P. Art. 966.
According to plaintiff's deposition taken on April 4, 1979, she was then permanently domiciled in Venice, Italy, and had applied for Italian citizenship. She had married an Italian in December, 1978. She had traveled around Italy during the summer of 1977, when she met her husband to be and went back to stay with him in September, 1977. She gave the following testimony with respect to her residence at the time of the accident:
"Q Did you live with your parents at that time?
A No, I wasn't. I was visiting my parents.
Q Where did you live at that time?
A In Italy.
Q You were living in Italy at the time of the accident?
A Yes.
Q What was your address in Italy at that time?
A The same.
Q Same as 314 Dorsoduro?
A Yes.
Q How long had you been living at that address prior to the time of the accident?
A I had been living there since September of '77.
Q So you had lived in Italy approximately six months before the accident occurred?
A Yes. That's correct.
Q Was it your intention to remain in Italy?
A Yes.
Q Had you lived with your parents prior to moving to Italy, or did you have your own place?
A I lived with my parents."
During the time of her visit to New Orleans she took a job selling shoes and clothes at a French Quarter shop and intended to return to Italy in mid-February, 1978. Because of the accident she did not return until May.
Plaintiff relies on her answer to interrogatories propounded by Allstate in which she stated that her employment between January, 1978 and the date of the accident was full time. She also presented her Louisiana driver's license, issued on May 11, 1978, showing her address as that of her father's in New Orleans. She also produced an affidavit from a friend who stated that on the date of the accident she was living in New Orleans with her parents, was unmarried, was working at the French Quarter shop, *1169 and had lived with her parents in New Orleans for some time prior to the accident.
The granting of a motion for summary judgment is warranted only if the material in the record shows no genuine issue as to material fact. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment, and any doubt is resolved against the granting of summary judgment and in favor of trial on the merits to resolve disputed facts. Emp. Surplus Line Ins. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
We see no dispute in these facts. This plaintiff, a mature adult, moved away from New Orleans six months before this accident and made it quite clear in her own sworn testimony that she was simply visiting her parents when this accident occurred. Her intention was to return to her home in Italy only a few days after the accident occurred, and only because of the accident did she remain until May. The fact that she took a job while she was visiting her parents with a company that she had worked for prior to her establishing her home in Italy does not alter the purpose of her visit to New Orleans when the accident occurred. Her obtaining a driver's license with her former residence address was not a declaration or indication that this was now her residence for any other purpose other than the convenience of applying for a license.
This case is not unlike Hamilton v. State Farm Mut. Auto. Ins. Co., 364 So.2d 215 (La.App. 3rd Cir. 1978) writ refused, and is distinguishable from Hobbs v. Firemen's Fund Am. Ins. Companies, 339 So.2d 28 (La.App. 3rd Cir. 1976) writs refused, 341 So.2d 896. In the latter case the court found that plaintiff was a resident of the same household with her estranged husband on facts that that home was jointly owned by her and she was free to come and go to that home at her pleasure, and many of her valuable personal belongings remained there. Although plaintiff had filed a claim for separate maintenance that suit had never come to trial and no proceedings were filed by either party to seek a judicial separation or divorce. This relationship is quite different from that between a grown daughter who has moved away from her parents' home and established her own domicile and was simply visiting with her parents at the time of the accident.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, Judge, dissenting.
When we come to the word "household" in automobile policies, we encounter the problem discussed earliernamely, the clauses which give protection and those which take it away. It almost resembles Amos and Andy's definition of an insurance policy as a paper where "the big print gives it to you, and the little print takes it away." ...
Frequently, a combination of terms is used, such as a relative residing within the insured's household. In that event, it may be necessary to examine into the living arrangements of the parties. The construction of the term is not absolute nor inflexible, and the courts generally will favor an interpretation which will provide coverage.
Appleman, Insurance Law and Practice, § 5080.35.
The insurance policy's definition of an insured includes any blood relative of the named insured "who is a resident of the same household." Since this term has no absolute or precise meaning, see Cal-Farm Ins. Co. v. Boisseranc, 151 Cal. App.2d 775, 312 P.2d 401 (1957), any doubt as to the extent or fact of coverage under it will be understood in its most inclusive sense, in accordance with the settled principle that ambiguity in an instrument is resolved against the draftsman. La.C.C. arts. 1957, 1958 (1870). See, e.g., Insurance Co. of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979); *1170 Credeur v. Luke, 368 So.2d 1030 (La.1979); Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195 (1936); Parker v. Provident Life & Acc. Ins. Co., 178 La. 977, 152 So. 583 (1934); Note, Insurance-Resident of the Same Household, 26 La.L.R. 724 (1966). Whether a person is or is not a resident of a particular place is a question of law as well as fact, and is to be determined from all of the facts of each particular case. Taylor v. State Farm Mutual Auto Ins. Co., 248 La. 246, 178 So.2d 238 (La.1965); Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3d Cir. 1976). Mere isolated facts cannot be relied on wholly to determine the issue. Ladner v. Andrews, 216 So.2d 365 (La.App.3d Cir. 1968); Vinet v. Hano, 281 So.2d 183 (La. App. 4th Cir. 1973). Bond v. Commercial Union Ins. Co., 407 So.2d 401, 407-408 (La.1981).
See also Fidelity General Ins. Co. v. Ripley, 228 So.2d 238 (La.App. 3 Cir. 1969), writ refused, 255 La. 248, 230 So.2d 94; Manuel v. American Employers Ins. Co., 228 So.2d 321 (La.App. 3 Cir. 1969).
The policy before us does not describe an insured relative as one whose "permanent" or "principal" residence (or, simply, whose "domicile") is that of the named insured. Instead, just like the policy in Bond, it defines an insured relative as "a relative of the named insured who is a resident of the same household."
The ambiguous and half-legal question of when one is no longer a resident of one's parents' house should not be decided by plaintiff's untutored view that she did not "live" (the questioner's, not the policy's, word) with her parents at the time of the accident: "I was visiting my parents"; she "lived" in Italy. That does not amount to a judicial confession of the mixed conclusion that she was not a "resident" for insurance purposes of her father's housethe only residence she had ever known before her return to Italywhen she "visited" him from January 2, 1978 until the accident of February 6, intending to stay until mid-February. Was she not at least a temprorary resident? Was she not also such a resident when again she "lived" with her parents from November 1978 until April 1979 (the time of her deposition)? The word "lived" is hers for the November to April period: if she (and her husband, after December 15) "lived" with her parents then, what did she mean by responding to defense counsel's question that she did not "live" with them at the time of the accident?
Insofar as shown, plaintiff had known no other residence than that of her parents during her 22 years of life, even through three years of college in New Orleans and thereafter while working full time. She "traveled" to Italy in the summer of 1977, and then returned home to her parents. In September 1977 she returned to Italy to "stay with" a man whom she had met, and whom, after her return to her parents' house from January to May 1978 and again in November 1978, she married in December 1978, "living" still at her parents' home even after her marriage and until April 1979.
That is not a case for summary judgment for the insurance company on the theory that no other reasonable inference can be drawn than that plaintiff was not a resident (temporary or otherwise) of her parents' house.
The summary judgment should be set aside.