522 So.2d 673 (1988)
Martha V. CLARK
v.
Fabian HARRIS, Peter Cowell and Grain Dealers Mutual Insurance Company and Kentucky Central Insurance Company and Farm Bureau Insurance Company and A.B.C. Insurance Company.
No. 87-CA-687.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
*674 Janet L. Moulton, Janet L. Moulton and Associates, Metairie, for plaintiff-appellant Martha V. Clark.
Jerome M. Volk, Jr., Kenner, for defendant-appellee Fabian Harris.
Maria I. O'Byrne Stephenson, Linda Liljedahl, Timothy W. Crooks, Law Office of Maria I. O'Byrne Stephenson, New Orleans, for defendant-appellee Kentucky Cent. Ins. Co.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
Plaintiff, Martha V. Clark, brought this action for personal injuries sustained in an automobile accident caused by Fabian Harris, one of the defendants. Plaintiff appeals a judgment which dismissed her suit against another defendant, Kentucky General Insurance Company, on the grounds Harris was not a "covered person" under a personal automobile policy issued in his father's name. We reverse the judgment of the trial court.

FACTS
Martha V. Clark sustained injuries to the cervical and lumbar spine when the vehicle in which she was a guest passenger was struck by a pick-up truck owned by Peter Cowell and operated by Fabian Harris (hereafter Fabian). Clark sued Fabian, Cowell, Grain Dealers Mutual Insurance Company (the liability insurer of Cowell), and Kentucky Central Insurance Company (the liability insurer of Henry R. Harris, Fabian's father),[1] but settled her claims against all but Kentucky Central. Trial against Kentucky Central was limited to the issue of coverage vel non under its policy.
The policy listed Henry R. Harris of 101 Ledbetter St., Booneville, Mississippi as the named insured and two vehicles, both registered in the State of Mississippi, as covered vehicles. The policy contained the following provisions:
"We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.
"Covered person" as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
* * * * * *
"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."
For Fabian Harris to have been a covered person under the Kentucky Central policy he must have been a "resident" of his father's household at the time of the accident.

*675 THE LAW
The policy was issued in Mississippi to a Mississippi resident and covered two vehicles registered in Mississippi. The issue which arose under the policy was whether Fabian Harris was a resident of his father's Mississippi household. Nevertheless, the parties cited the trial court to Louisiana jurisprudence on the "resident" question. Generally, the interpretation of an insurance contract is governed by the law of the place where made unless the parties clearly appear to have had some other place in view. Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972). In our view Mississippi law should be used when determining whether a person is a "resident" of a Mississippi household as contemplated under a policy of insurance issued in Mississippi to a Mississippi policyholder. See e.g., Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965); Decatur v. U.S.F. & G., 464 So.2d 854 (5th Cir.1985). However, as Kentucky Central never established that the law of Mississippi is different or that the application of Mississippi will alter the outcome of this litigation, it is presumed Mississippi law is the same as Louisiana law. Sheard v. Green, 219 La. 199, 52 So.2d 714 (1951); Hayden v. Guardian Life Ins. Co. of America, 500 So.2d 831 (1st Cir.1986). Accordingly, we will apply Louisiana law.
Although a person may have only one domicile, that person may have several residences. Bearden v. Rucker, 437 So.2d 1116 (La.1983); Taylor v. State Farm Mutual Auto Ins. supra. The phrase "resident of the same household" is not a precise term and its use as an extension of coverage in an insurance policy will be interpreted in its most inclusive sense. Bond v. Commercial Union Assur. Co., 407 So. 2d 401, 407-08 (La.1981) on remand 415 So.2d 572 (1982) wherein the court stated:
The insurance policy's definition of an insured includes any blood relative of the named insured "who is a resident of the same household." Since this term has no absolute or precise meaning, see Cal-Farm Ins. Co. v. Boisseranc, 151 Cal.App.2d 775, 312 P.2d 401 (1957), any doubt as to the extent or fact of coverage under it will be understood in its most inclusive sense, in accordance with the settled principle that ambiguity in an instrument is resolved against the draftsman. La.C.C. arts. 1957, 1958 (1870). See, e.g., Insurance Co. of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979); Credeur v. Luke, 368 So. 2d 1030 (La.1979); Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195 (1936); Parker v. Provident Life & Acc. Ins. Co., 178 La. 977, 152 So. 583 (1934); Note, Insurance-Resident of the Same Household, 26 La.L.Rev. 724 (1966). Whether a person is or is not a resident of a particular place is a question of law as well as fact, and is to be determined from all of the facts of each particular case. Taylor v. State Farm Mutual Auto Ins. Co., 248 La. 246, 178 So.2d 238 (1965); Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La. App. 3d Cir.1976). Mere isolated facts cannot be relied on wholly to determine the issue. Ladner v. Andrews, 216 So. 2d 365 (La.App. 3d Cir.1968); Vinet v. Hano, 281 So.2d 183 (La.App. 4th Cir. 1973).
In Bond, supra the Louisiana Supreme Court held that a major child, who rented an apartment in Lafayette, remained a resident of his father's household in Alexandria, in light of numerous factual circumstances which indicated such was his intent. The child in the Bond case was thirty years old, single, and employed offshore. He was on call twenty-four hours a day with one hour response time. Thus, he rented an apartment in Lafayette. However, he kept only work clothes and bare essentials in the apartment and lived at his father's Alexandria residence "most of the time" he was not on call. He had his own key to the Alexandria residence, his own room where he kept numerous personal possessions, and he received his mail there. The child also had a substantial relationship with the Alexandria social, commercial and professional community, including bank accounts, charge accounts, dental and medical consultations, and church membership.
The courts of appeal likewise consider the facts and circumstances of the case *676 under review when determining whether a major child intended to maintain a residence with his parents. Major children with temporary residences elsewhere have been found to be residents of their parents' household. Manual v. American Employers Ins. Co., 228 So.2d 321 (La.App. 3rd Cir.1969) (twenty-four year old college student with an apartment in Lafayette, who frequently returned to his parents' home on weekends and vacations and received mail and kept belongings there, was a resident of his father's household for UM coverage); Earl v. Commercial Union Ins. Co., 391 So.2d 934 (La.App. 2nd Cir.1980) (daughter temporarily employed and living in Houston was a resident of her father's household in Louisiana for purpose of UM coverage because she kept her belongings there and intended to return).
Major children with clearly established separate permanent residences have been held not to be residents of their parents' household. Boettger v. Early American Ins. Co. of Montgomery, Ala., 469 So.2d 495 (La. 3rd Cir.1985) (son who lived in mobile home on fenced acre of his father's property was not a resident of his father's household); Hamilton v. State Farm Mutual Auto. Ins. Co., 364 So.2d 215 (La. 3rd Cir.1978) writ denied 366 So.2d 915 (twenty-four year old son who worked and maintained an apartment in Lafayette was not a resident of his father's Lake Charles household); Scott v. Glenn, 408 So.2d 1167 (La. 4th Cir. 1981) (daughter who established domicile in Italy was not a resident of her father's household for purposes of UM coverage for accident during an extended visit with parents in New Orleans).
Both Henry and Fabian Harris felt that Fabian was not "residing" in Mississippi after 1980, but rather, was using the Booneville address as a convenience because he moved around so much. This self-serving testimony is not corroborated by the facts in evidence. Moreover, the ambiguous and half-legal question of when one is no longer a resident of one's parents' home should not be decided by a party's untutored views that he was not "residing" with his father.
Fabian Harris was twenty-five years old on the date the instant accident occurred (December 17, 1984). He had resided with his father in Booneville, Mississippi throughout high school and junior college. In 1980 Fabian came to Louisiana to work in the oil field. However, he retained a Mississippi driver's license listing the Booneville address, and he utilized that address on employment applications and tax returns. He received all mail and telephone messages and stored tax records, clothing and personal items at the Booneville address. Fabian registered cars he owned during 1983 and 1984 in Mississippi, and he secured insurance and tax assistance from Booneville firms. When he wrecked his own car a few months before the instant accident, Fabian stored it at the Booneville address. Fabian generally worked fourteen-day shifts on rigs offshore. While on shore he, at various times, stayed with friends, rented apartments in Louisiana, or returned to Booneville.
Fabian did not need permission to return to his father's home, nor did he pay room and board, although he occasionally purchased groceries. He generally stayed in his old room unless one of his sisters was visiting overnight. The exact amount of time Fabian spent at his father's home during 1984 was not clearly established. When deposed, Henry Harris testified Fabian returned approximately once a month for one to three nights, although he stayed as long as two weeks on one occasion.[2] Fabian testified he stayed at his father's home "five or six times" for a total of three weeks in 1984. The rest of the time he rented apartments or stayed with friends. However, he was not renting an apartment at the time of the accident and had not done so for two or three months. Fabian was at his father's residence shortly before the accident and returned there for five days after the accident. Early in 1985 Fabian moved into the Cutoff home of his future father-in-law and had his mail forwarded there.
*677 After careful review of the testimony and exhibits, we conclude that Fabian Harris was a resident of his father's household as contemplated under the Kentucky Central policy. His father's home was demonstrated to have been a "place or premises which entitled him to return at his convenience without having to request permission of someone else." Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921). Further, his actions reflected his intent to use his father's address as a core of operations while he was working offshore, as he continually returned to spend off days in Booneville. But for the Harris' self-serving declarations that Fabian was not "residing" in his father's household, this case is indistinguishable from Bond v. Commercial Union Assur. Co., supra.
We conclude the preponderance of evidence supports a finding that Fabian Harris was a resident of his father's household in the most inclusive reasonable sense of this term. Accordingly, the judgment of the trial court is reversed. It is ordered, adjudged and decreed that Fabian Harris is a "covered person" under the Kentucky Central Policy.
REVERSED.
NOTES
[1] The claim against Kentucky Central was a direct action. Henry R. Harris was not a named defendant. Fabian Harris did not own a car at the time of the accident and accordingly had no insurance policy issued in his name.
[2] Fabian Harris was the only witness to testify at trial. Kentucky Central introduced the depositions of Henry Harris and Peter Cowell, without objection from the plaintiff. As the depositions were introudced at trial, they will be considered on the appeal.