FORET, Judge.
This appeal is from a judgment rendered in favor of the plaintiff, State Farm Fire and Casualty Company (State Farm), against the defendant, Zurich American Insurance Company (Zurich). The issues presented by the defendant in this appeal are:
(1) That the trial court erred in finding that Mrs. Bell Modisette did not “occupy or use” or have in her “care, custody or control” the residence of James Modisette,
(2) That the trial court erred in not finding Mrs. Modisette to be an insured under the State Farm policy, and
(3) That the trial court erred in not finding that the qualities of debtor and creditor had become united in State Farm, thereby creating legal confusion which would bar its claim.
We affirm the judgment of the trial court.
Plaintiff, State Farm, filed suit against Zurich to recover the sum of $12,204.65, representing the amount it paid for damages to the residence of its insured, James Modisette. The damage to Mr. Modisette’s home resulted from a fire which the trial court determined to have been negligently caused by Mrs. Bell Modisette, Mr. Modi-sette’s mother. Zurich had at the time of the fire a policy of homeowners insurance providing liability coverage to Bell Modi-sette and her husband. Upon paying the amount of damages, State Farm became legally and conventionally subrogated to the right of Mr. Modisette to seek recovery of the damages paid from Zurich. Zurich denied any liability on the claim based on an exclusion in its policy which denies coverage under its personal liability provision for any property damage to property occupied or used by the insured or rented to or in the care, custody or control of the in *206 sured or as to which the insured is for any purpose exercising physical control. Additionally, Zurich asserted that Bell Modi-sette would be an insured under State Farm’s policy as an additional insured and in that event any sums paid by Zurich to State Farm would of necessity be paid back to Zurich in the form of an indemnification. The trial court, in its reasons for judgment, found that Zurich had not sustained its burden of proving that the exclusion applied in that Bell Modisette was not occupying or using or had in her care, custody and control her son’s home and that she was not an insured under the State Farm policy. We find no error on the part of the trial court in its judgment.
Bell Modisette had been asked by her son to come to his home in nearby Westlake to help manage his household and supervise his minor son while his wife and another son were in Houston. Mrs. Modi-sette and her husband left their home in Shongaloo and arrived at her son’s home on a Thursday evening. On Friday, Mr. Modi-sette, his son and parents left to go to Houston for the weekend. They returned to Westlake on Sunday evening. The fire started Monday morning after Mr. Modi-sette and his son left home while Bell Modi-sette was preparing to cook beans for a later meal. Mrs. Modisette mistakenly turned on the stove burner under a pot of grease instead of the pot of beans, which resulted in the fire and extensive damage to the home. Based upon these facts, the trial court found that Mrs. Modisette was negligent and that Zurich had agreed to pay on her behalf all sums which she became legally obligated to pay as damages because of either bodily injury or property damage to which its policy of insurance applied caused by an occurrence. The trial court also found, and we agree, that Mrs. Modisette was only temporarily present in her son’s household for limited purposes and was not occupying or using the house, nor was it in her care, custody or control. Borden, Inc. v. Howard Trucking Co., Inc., 372 So.2d 242 (La.App. 1 Cir.1979), writ denied, 373 So.2d 544 (La.1979), said, at page 244:
“Insurance policies are for the benefit of the insured. The burden of proof is on the insurer to show that the exclusion applies, Aladdin Oil Company v. Rayburn Well Service, Inc., 202 So.2d 477 (La.App. 4th Cir.1967) writ denied 251 La. 388, 391, 392, 204 So.2d 573, 574 (1967). Exclusionary clauses are strictly construed against the insurer, especially if they are of uncertain import, Commercial Capital Systems, Inc. v. Paille, 333 So.2d 293 (La.App. 1st Cir. 1976).” (Emphasis ours.)
It went on to say that:
“... the jurisdictional [sic] rule in Louisiana is to strictly limit the application of a ‘care custody and control’ exclusionary clause.” Borden, at page 244.
We find no error with the judgment of the trial court that Zurich did not prove by a preponderance of the evidence that Mrs. Modisette was excluded from coverage under its policy.
Zurich, in its reconventional demand, argued that Mrs. Modisette was an insured under the State Farm policy because of her status as a “relative” of Mr. Modisette and as a “resident” of his household. We agree with the trial court that Mrs. Modi-sette was not a resident of h.er son’s household.
“Ultimately, whether a person is a member of a given household is a question of fact, to be determined after consideration of all the circumstances.
Webster’s Third New International Dictionary (1971) defines “household” as “those who dwell under the same roof and compose a family; a domestic establishment; specifically, a social unit comprised of those living together in the same dwelling place.” Black’s Law Dictionary (4th ed. 1957) defines it as “a family living together; those who dwell under the same roof and compose a family.” However, living technically “under the same roof” has been found not to be essential. See Taylor v. State Farm Mutual Auto Ins. Co., 248 La. 246, 178 So.2d 238 (La.1965); Vinet v. Hano, 281 *207 So.2d 183 (La.App. 4th Cir.1973), writ refused [283 So.2d 501 (La.1973)]; Fidelity and Casualty Company of New York v. Jackson, 194 F.Supp. 431 (E.D. N.C.1961) and citations therein.
Perhaps the most appropriate definition of “household” was set forth by the court in Leteff v. Maryland Casualty Co., 91 So.2d 123 (La.App. 1st Cir.1956):
“Whether the term ‘household’ or ‘family’ is used, the term embraces a collection of persons as a single group, with one head, living together, a unit' of permanent and domestic character, under one roof; a ‘collective body of persons living together within one cur-tilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness.’ ” 91 So.2d at 130.”
Hernandez v. Comco Insurance Company, 357 So.2d 1368 (La.App. 4 Cir.1978), writ denied, 359 So.2d 1305 (La.1978).
Using the above cited case for guidance, we do not agree with Zurich’s assertion that Mrs. Modisette would be covered under the State Farm policy as a relative residing in her son’s household.
The issue of legal confusion need not herein be addressed as we find no liability on State Farm’s part as the alleged insurer of Mrs. Bell Modisette by virtue of her relation to James Modisette.
Accordingly, the judgment of the trial court in favor of the plaintiff, State Farm, and against the defendant, Zurich, awarding it the sum of $12,204.65, with legal interest until paid, is hereby affirmed. Costs of this appeal are to be borne by the defendant-appellant.
AFFIRMED.