604 So.2d 581 (1992)
Albert ALEXIS
v.
METROPOLITAN LIFE INSURANCE COMPANY, et al.
No. 92-C-1085.
Supreme Court of Louisiana.
September 4, 1992.
PER CURIAM.
The lower courts erred in concluding that summary judgment against the plaintiff was in order. In granting Metropolitan's motion for summary judgment, the trial court found that the plaintiff's allegation in the worker's compensation suit, that he was disabled as a result of a work-related accident, constituted a judicial admission against him in this suit seeking benefits under the policy issued by Metropolitan. Additionally, the court pointed out that the plaintiff also alleged in the present suit that he suffered a "trauma" at work, which would preclude coverage under the express terms of the policy at issue. The court of appeal affirmed. 592 So.2d 6. We grant plaintiff's application for a writ of certiorari, vacate the summary judgment, and remand this case to the trial court. As the issue of whether or not this suit on an employee benefit plan was preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. was not dispositive to the granting of summary judgment, we pretermit any discussion of it.
The allegation contained in the earlier worker's compensation suit is not a judicial admission, with its conclusive effect, *582 in the present proceeding. See La. Civ.Code art. 1853. The Louisiana jurisprudence is clear that such an "extra-judicial" confession does not bind the claimant in subsequent litigation. S. Litvinoff, The Law of Obligations, p. 426 in 5 La.Civ.Law Treatise (1992); Succession of Turner, 235 La. 206, 103 So.2d 91 (1958), and authorities cited therein. The party who has made such an admission in a previous suit is not barred from denying the facts contained in that admission in a subsequent suit, unless the adverse party has been prejudiced by his reliance upon that admission. Id. Rather, the admission is to be given the probative value it deserves as an admission of the party who made it. See La.C.E. art. 801(D)(3); Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122 (1913); Pugh, Admissions and Confessions, in The Work of the Louisiana Supreme Court for the 1957-1958 TermEvidence, 19 La. L.Rev. 294, 434 (1959). There being no evidence that the defendant was prejudiced by this admission in a suit to which the defendant was not even a party, it is perfectly allowable for the plaintiff to now change his position in regards to that earlier assertion.
Furthermore, the fact that the plaintiff alleges in the present suit that he sustained a trauma on the job and that he has become permanently disabled as a result of that and the development of degenerative arthritis does not warrant summary judgment in favor of the defendant. A litigant may assert several inconsistent or mutually exclusive causes of action or defenses, La.C.C.P. arts. 892, 1006, as long as the allegations are well-grounded in fact, warranted by existing law or a good faith argument for the extension or change thereof, and not pled for improper purposes. See Harvey v. Dixie Graphics, 593 So.2d 351 (La.1992). See also La.C.C.P. art. 863. At best the plaintiff's allegations were vague and ambiguous. However, such vagueness should not be construed to deprive the plaintiff of his day in court if he is due one. La.C.C.P. art. 863.
The lower courts therefore erred in giving the conclusive effect of a judicial confession to the allegations made in the workers compensation suit. Such an admission should only have been given the probative value of an admission by the party and could be refuted at any time. The inconsistent allegations of the petition in the present case do not conclusively establish that the plaintiff is not entitled to a recovery. Moreover, the plaintiff presented evidence in opposition to the motion for summary judgment which could create a genuine issue of material fact precluding summary judgment, were the allegations in his workers compensation suit pleadings not considered conclusive against him. As a result, summary judgment is not appropriate. We therefore vacate the summary judgment and order the case remanded to the trial court for further proceedings not inconsistent with this opinion. All costs are cast to defendant, Metropolitan.