643 So.2d 910 (1994)
Mansel WILEY, Plaintiff-Appellant
v.
LOUISIANA HOOP COMPANY, INC., Defendant-Appellee.
No. 94-46.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*911 Jerold Edward Knoll, Marksville, for Mansel Wiley.
Kay Hilgerson Michiels, Alexandria, for Louisiana Hoop Co., Inc.
Before GUIDRY, C.J., and DECUIR and PETERS, JJ.
GUIDRY, Chief Judge.
Plaintiff, Mansel Wiley, appeals the Office of Worker's Compensation (OWC) hearing officer's judgment which decreed that his employer, Louisiana Hoop Company (LHC), and its worker's compensation insurer, Commercial Union Insurance Company (Commercial Union), are entitled to an offset against weekly indemnity payments, pursuant to La.R.S. 23:1225, for Social Security old-age retirement benefits received by Wiley. The hearing officer also awarded Wiley $500 in attorney's fees but denied his claim for penalties. On appeal, Wiley urges that the hearing officer erred in awarding the offset. Additionally, Wiley challenges the adequacy of attorney's fees and the denial of penalties. Appellees neither appealed nor answered Wiley's appeal.
For the following reasons, we affirm.

FACTS
Wiley was employed as a security guard and laborer for LHC. He worked for LHC from 1944 to 1991 and, intermittently during this period, also worked for at least 15 other employers. The evidence indicates that LHC and these other employers all made contributions to his social security old-age insurance benefits account.
Wiley injured his low back on January 15, 1991 while stacking lumber in the course and scope of his employment. At the time, he was receiving social security old-age retirement benefits and had been receiving such benefits since his sixty-second birthday in 1987. Two months later, on March 15, 1991, Wiley underwent extensive low back surgery involving partial laminectomies at four disc levels, multiple level microforaminotomies, and a microdiscectomy at L4-5. It is undisputed that as a result of the accident, Wiley is totally and permanently disabled.
As of January 16, 1991 (the day after the accident), Commercial Union began voluntarily paying Wiley weekly benefits of $75.37 based upon an average weekly wage of $113.05. The insurer also paid for his medical expenses. This practice continued until August 25, 1992 when Commercial Union informed Wiley, by letter to his counsel, that it was unilaterally and immediately reducing his weekly benefits from $75.37 to $19.58. The correspondence explained that the $55.79 offset was calculated based on information obtained from the Social Security Administration. According to Commercial Union, the government data reflected that Wiley received $479.80 monthly in retirement benefits, which amount was used to calculate the offset. On October 12, 1992, Wiley's counsel sent a letter to Commercial Union challenging the propriety of the offset and asserting that, if properly taken, the offset was calculable based on a $448 monthly social security benefit. He enclosed a copy of Wiley's most recent check, dated October 2, 1992, as proof of this assertion.
Commercial Union refused to reinstate Wiley's full worker's compensation benefits and, as a result, Wiley filed a disputed claim for compensation on December 15, 1992. This case was tried on April 30, 1993. The parties entered into various stipulations and filed exhibits into the record. The primary stipulation concerned the fact that Wiley initially collected $422 per month in social security retirement benefits and, at the time of injury and trial, he received $448 per month. No live testimony was adduced.
On August 30, 1993, the hearing officer rendered judgment and written reasons therefor. She concluded that defendants were entitled to the offset because Wiley's total remuneration from the sources listed in La.R.S. 23:1225C should not exceed $326.60, i.e., 66 2/3% of his average weekly wage. The hearing officer found that the $448 monthly figure should have been used, instead of *912 $479.80, to calculate the offset. She then applied the statutory formula and determined that Wiley was entitled to receive $23.67 (not $19.58) in weekly benefits. Thus, defendants were ordered to reimburse Wiley the difference, $4.09, for each week from August 25, 1992 to the date of judgment. Additionally, the hearing officer awarded $500 in attorney's fees for defendants' failure to act in a timely and appropriate fashion when initially informed of the miscalculation. Wiley's claim for penalties was denied.

OPINION
The conditions under which an employer or insurer may claim an offset and the formula for calculating the offset are embodied in La.R.S. 23:1225[1] which provides, in pertinent part, as follows:
A. The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and worker's compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury.
* * * * * *
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. (Emphasis ours)
The employer or insurer has the burden of proving, first, entitlement to the reduction or offset and, second, the amount of offset authorized by the statute. Cross v. Travelers Insurance Co., 619 So.2d 610 (La. App. 2d Cir.1993); Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3rd Cir.1984), writs denied, 463 So.2d 604, 605 (La.1985). The employer or insurer may claim such an offset whether or not the particular employer contributed to the employee's social security old-age insurance account. In other words, if the employee is injured on the job while receiving old-age insurance benefits, the employer or its insurer may claim the offset for that portion not funded by the employee regardless of which of his employers actually funded that portion. The only portion of old-age insurance benefits protected from offset is that which the employee funded. Town of Berwick v. Justilian, 93-854 (La.App. 3rd Cir. 3/2/94); 634 So.2d 1365.
Wiley initially contends on appeal that Commercial Union's unilateral reduction *913 of benefits was improper because the insurer first failed to seek judicial approval of the offset. We disagree. Where the employer or insurer is voluntarily making compensation benefit payments which were never judicially fixed and ordered, it need not first secure OWC authority before taking the offset. Bellard v. South Louisiana Contractors, Inc., 563 So.2d 1319 (La.App. 3rd Cir. 1990). Therefore, it was proper for Commercial Union to unilaterally claim the offset given the facts known to its adjuster as of August 25, 1992.
For the following reasons, we determine that the hearing officer erred in applying the La.R.S. 23:1225C(1) formula. However, her error inured to the benefit of Wiley, not Commercial Union. The error occurred in the calculation of the aggregate remuneration limit for benefits listed in paragraph C(1)(a) through (d), e.g., "sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury". The erroneous figure she derived for this limit was $326.60, on a monthly basis. The parties agreed that Wiley's average weekly wage at the time of injury was $113.05. Two-thirds (66 2/3%) of this is $75.37, his initial worker's compensation rate. Figured monthly, the limit is $301.48, not $326.60 as computed by the hearing officer. Utilizing the correct limit in the formula, the offset is calculated as follows:
 66 2/3% of average weekly wage (monthly basis) $301.48
- Employer funded old-age insurance ($448 ÷ 2) 224.00
 ------------------------------------------------- -------
 Portion receivable monthly in worker's comp. $ 77.48
The above figure, when divided by four, renders a weekly benefit payable of $19.37. Thus, the proper offset ($75.37-19.37) is $56.[2] Commercial Union unilaterally offset Wiley's benefits by $55.79 per week. According to the above calculation, it was entitled to a $56 per week offset. However, because appellees failed to appeal or answer plaintiff's appeal, we are without authority to change the hearing officer's decree that Commercial Union is obliged to pay $4.09 in weekly arrearages from August 25, 1992 to the date of judgment nor her decree which awards plaintiff weekly compensation benefits in the amount of $23.67 per week.
We turn next to the issue of attorney's fees and penalties. Attorney's fees are awardable if the nonpayment or discontinuance of benefits is found to be arbitrary, capricious or without probable cause. La. R.S. 23:1201.2. The hearing officer awarded Wiley $500 in attorney's fees based on her finding that "the employer and insurer failed to act in a timely and appropriate fashion to ascertain further facts ..." when first notified by Wiley's counsel of the dispute. Considering our conclusion with regard to the dispute between the parties as to the correct offset allowable, appellees cannot be found arbitrary and capricious. However, since defendants failed to appeal, we will not disturb the award of attorney's fees. For the same reason, an award of penalties was properly denied.
For the above and foregoing reasons, the OWC judgment is affirmed. Plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] This version of the statute was applicable on the date of Wiley's injury. During the 1991 legislative session, the phraseology of a portion of paragraph C(1) was amended and subparagraphs (a) and (d) of paragraph C(1) were set forth as separate paragraphs. A comparison of the quoted former version of the statute with the presently applicable wording reveals no substantive changes as a result of the amendments.
[2] Figured weekly instead of on a monthly basis, the amount of offset is the same:
 66 2/3% of average weekly wage $75.37
 - Employer funded old-age insurance ($224 ÷ 4) 56.00
 ------
 $19.37