liLOBRANO, Judge.
In this suit for specific performance and damages, defendants appeal the trial court judgment denying their declinatory exception of improper venue. For the reasons stated herein, we affirm that judgment and remand this case for further proceedings.

FACTS AND PROCEDURAL HISTORY:

In July 1994, Tom Benson, the New Orleans Louisiana Saints Limited Partnership (a Texas limited partnership), and Benson Football, Inc. (a Texas corporation) filed suit for declaratory judgment against Dr. Peter Glaser and Wendell H. Gauthier in a Texas state court in San Antonio, Texas. That suit arose from a dispute concerning option agreements entered into by Gauthier and Glaser regarding partnership interests in the New Orleans Louisiana Saints Management Company, L.C. Benz-Saints Management Company (a Texas limited liability company) and Benz Saints Company (a Texas corporation) intervened in that suit.
On February 7,1995, Gauthier filed suit in Orleans Parish, Louisiana for enforcement of the same option agreements at issue in the Texas suit and for damages. On February 27, 1995, Glaser intervened in the Orleans suit. The ^defendants in the Orleans suit are the same as the plaintiffs and intervenors in the Texas suit.
In the Orleans suit, Gauthier and Glaser alleged that the New Orleans Louisiana Saints Limited Partnership, Benz-Saints Management Company, Benz-Saints Company and Benson Football, Ine. all had their principal places of business in Jefferson Parish. Thomas Benson was the only defendant alleged to be a resident and domiciliary of Orleans Parish.
Defendant, Thomas Benson, timely filed a declinatory exception of improper venue on the basis that Benson was not “domiciled” in Orleans Parish.[1] Prior to the hearing on the exception of improper venue, Glaser and Gauthier amended their respective petitions and alleged that Benson Football, Inc. had its principal business establishment in Orleans Parish.[2]
The hearing on the exception of improper venue was held June 2, 1995. The issues before the court were whether Benson, personally, or Benson Football, Inc. could be sued in Orleans Parish. Venue was proper for all other defendants in Jefferson Parish. On June 18, 1995, the court denied defendants’ exception and issued the following reasons:
“The evidence is clear that Mr. Benson resides in New Orleans and that Benson Football, Inc. established its principal place of business in Orleans Parish.”
The trial court judgment also denied Inter-venor’s Motion to compel and Motion for Sanctions. These issues were not appealed. However, on November 20,1995, Benson and Benson Football, Inc. applied for supervisory | gwrits requesting a stay of all discovery proceedings pending this appeal, and seeking relief from the court’s October 30,1995 judgment denying their motion to quash discov *1183 ery and a stay of the proceedings based on Code of Civil Procedure article 532. On November 22,1995, this Court stayed all trial court proceedings and consolidated writ application No. 95-C-2470 with this appeal.
Defendants appeal the trial court judgment maintaining venue in Orleans Parish asserting the following assignments of error:[3]
1) The district court erred in holding that venue was proper for Benson in Orleans Parish based on legally insufficient evidence that Benson “resides” in New Orleans.
2) The district court erred in holding that venue was proper for Benson Football, Inc. in Orleans Parish, when, at the time of filing of the action, the “primary” place of business of Benson Football, Inc.’s “principal business establishment” in its application to do business in the state is Jefferson Parish.

ISSUE:

Plaintiffs’ suit alleges joint and solidary obligations among all defendants; thus, if venue is proper in Orleans as to any one of them, it is proper for all. La.C.C.Pro. art. 73. Thus, the sole issue for our review is whether venue in Orleans Parish is proper for either Thomas Benson or Benson Football, Inc. Because we find that Benson has a residency in Orleans Parish, we affirm the trial court and need not discuss venue as to Benson Football, Inc.

\ ¿DISCUSSION:

Louisiana Code of Civil Procedure article 42 provides, in pertinent part:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
[[Image here]]
(5) ... a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in a parish where the process may be, and subsequently is, served on the defendant.
The arguments in this case concerning Benson are focused on whether he has a residence at One River Place Condominiums in Orleans Parish. Plaintiffs do not dispute that he is a domiciliary of Texas. Defendants argue that Benson maintains no Orleans residence, that he is a nonresident of this state who has not appointed an agent for service of process. Thus, they assert that because he was actually served with this lawsuit in Jefferson Parish, Article 42(5) requires that Jefferson Parish is the proper venue.
“Residence” is not a specific legal term. It is in common usage and has a variety of meanings. One may have a residence in a home, institution, town, city, parish, state, country, continent, etc. The term is nebulous and has no precise meaning. Dofflemyer v. Gilley, 360 So.2d 909, 912 (La.App. 3rd Cir.1978). A person’s residence is his dwelling place, however temporary, and regardless of whether he intends it to be his permanent home. Vehrs v. Jefferson Insurance Company, 168 So.2d 873, 877 (La.App. 3rd Cir.1964), writ den. 247 La. 256, 170 So.2d 511 (1965). In contrast, domicile is where one makes his habitual |sresidence. La.C.C. art. 38. Domicile should not be confused with residence. Residence and domicile are not synonymous, and a person can have several residences but only one domicile. Autin v. Terrebonne, 612 So.2d 107, 108 (La.App. 1st Cir.1992), writ den. 604 So.2d 954 (La.1992).
In opposition to defendants’ exception Gauthier and Glaser offered an Act of Sale dated February 1,1991 in which Benson and his wife purchased two condominiums in Orleans Parish at One River Place; the Petition for Declaratory Judgment and Benson’s Answer to same in the action entitled Herman, Herman, Katz & Cottar, L.L.P. v. New *1184 Orleans Louisiana Saints Limited Partnership, Benson Football Inc. and Thomas M. Benson, Jr., et al, No. 94-18215, (hereinafter, Herman) filed in the Orleans Parish Civil District Court in which Benson is sued, without his objection, as a resident of Orleans Parish; Orleans Parish Property and Tax Assessor’s Records showing ownership of the condominiums by Benson and his wife; the One River Place Resident Directory dated October 3, 1994 which lists Benson and his wife as residents; various correspondence and records of One River Place Condominium Association from July, 1991 through March, 1994 showing Benson as a resident of the complex; and a Petition for Refund of Taxes Paid Under Protest, One River Place Condominium Association, et al v. Paul C. Mitchell, Jr., filed in Orleans Parish Civil District Court, No. 93-3381, seeking homestead exemptions for Benson and other listed owners.[4]
| (¡Benson relies on his affidavit which, we agree, supports the conclusion that his domicile is in Texas.[5] However, that affidavit and its conclusions do not preclude a finding that Benson also maintains a residence in Orleans Parish. The evidence supports such a finding.
Initially we note that to the extent plaintiffs rely on judicial admissions[6] by Benson in other unrelated litigation in support of their residency argument, that reliance is misplaced. Alexis v. Metropolitan Life Insurance Co., 604 So.2d 581 (La.1992). In Alexis, our Supreme Court specifically rejected such an argument. The court did conclude, however, that the prior admission “is to be given the probative value it deserves as an admission of the party who gave it.” Id. at 582. We find no probative weight to Benson’s failure to object to the Orleans Parish venue in the Herman litigation. Waiving venue in one suit does not mean it cannot be objected to in another.
We do find probative, however, Benson’s assertions in the suit he and other condominium owners filed in 1993 seeking entitlement to a homestead exemption. In that suit, Benson declares that he occupies his unit in One River Place as his “primary residence” and has not received the exemption. Benson argues, however, that on January 2, 1992, two years prior to the instant suit, he Nsold the units to Benson Motor Corporation, Inc., and is no longer the owner. That argument does not support lack of residency.
The sale to Benson Motor Corporation is not recorded. Benson is still listed as owner on the tax rolls. Furthermore, subsequent to the sale, there is various correspondence to and from Benson and his wife which strongly suggests they continued to reside there. For example, on May 11, 1992 there is correspondence from the building manager to Benson, addressed to him at units 10 E & F, concerning the appearance of a rear apron road; on March 11, 1994 a fax addressed to Benson from the New Orleans Port authority concerning traffic management problems around the condominium; and, on January 27,1993, a letter from Mrs. Benson accompanying payment of their property taxes wherein she objects to the City’s refusal to grant a homestead exemption.
*1185 We are satisfied that the evidence, in its entirety, supports the conclusion that Benson maintains a residence in One River Place in Orleans Parish. Thus, venue in Orleans Parish is proper as to him. Having reached that conclusion it is not necessary that we address the venue issue as to Benson Football, Inc. La.C.C.Pro. art. 73. We now address the issues raised in defendants’ writ application.
Subsequent to the trial court denying defendants’ exception of venue, and even though that judgment was appealed, the court permitted the parties to proceed with discovery. Defendants objected to the various discovery requests filed by plaintiffs. Defendants also sought a stay of the entire proceedings pending the outcome of the instant appeal and based on Louisiana Code of Civil Procedure article 532. By judgment dated October 30, 1995, the trial court denied defendants’ request for a stay as well as their motion to quash plaintiffs’ discovery. | «Defendants sought relief in writ application 95-C-2470 which, as previously noted, has been consolidated with this appeal.
Arguably, defendants’ claim that the trial court was without jurisdiction to order discovery after the appeal of the venue issue was taken has merit. However, because we stayed the discovery pending the outcome of the appeal and because we have found venue proper in Orleans Parish, it would be a waste of judicial time to require the parties to refile the same discovery requests.
We also conclude that the trial court did not abuse the discretion afforded under Code of Civil Procedure article 532. That article provides:
‘When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.” (emphasis added)
Because the suit in Texas seeks a declaratory judgment, while the instant suit is one for damages, we cannot say the trial judge erred in refusing to stay the Louisiana proceedings. See, Mullins v. State, 378 So.2d 503 (La.App. 4th Cir.1979), reversed on other grounds, 387 So.2d 1151 (La.1980). The underlying basis for a stay under Article 532 is the supposition that a judgment in the first suit would be res judicata as to the second suit. We are unable to make that conclusion in the instant matter based on the existing record.
We do find merit in defendants’ complaint that the trial judge did not consider their specific objections to plaintiffs’ discovery requests. The trial court judgment is a blanket rejection of all the objections, with no reasons given. The court should conduct a hearing on the particulars of defendants’ objections to plaintiffs’ discovery and rule on each accordingly.

DECREE'

The judgment maintaining venue in Orleans Parish is affirmed. Defendants’ writ application is denied in part and granted to the extent that the trial judge is ordered to consider defendants’ specific objections to discovery and to rule on each accordingly. The stay order issued by this court with respect to discovery is recalled.
APPEAL AFFIRMED; WRIT DENIED IN PART AND GRANTED IN PART; STAY ORDER RECALLED.

. On March 23, 1995, defendants removed the action to federal court alleging diversity. Subsequently, on April 14, 1995, via a joint motion the parties acknowledged that the principal place of business of Benson Football, Inc. and the New Orleans Louisiana Saints Limited Partnership is in Louisiana and requested remand to Civil District Court.

. The Petitions were filed on April 18 and 19, 1995, respectively.

. "Although the more appropriate means of review of the interlocutory judgment would have been by supervisory writs, it has been held that irreparable injury occurs if there is an error in the venue ruling." Highlands Ins. Co. v. Boyd, 519 So.2d 182, 183 (La.App. 4th Cir.1987).

. In their brief, Gauthier and Glaser attach recent Times Picayune Articles which were released after the trial court’s judgment in which Benson announced plans to divest himself of car dealerships in order to devote his time exclusively to the ownership and management of the New Orleans Saints franchise. Plaintiffs assert this Court should take judicial notice of the articles. Defendants correctly assert that these articles were not offered into evidence and are not subject to judicial notice. See, State v. Passman, 391 So.2d 1140, 1143 (La.1980).

. Benson's affidavit states:
(1) The only residence he owns is in Texas;
(2) He lists his Texas residence on his federal income tax returns as his residence;
(3) He nefther owns nor rents any residences in the State of Louisiana;
(4) He is registered to vote in Texas, not Louisiana;
(5) His only drivers license is issued in Texas;
(6) The only two motor vehicles he owns are registered in Texas;
(7) He is domiciled in Texas and intends to maintain his domicile in Texas.

.La.C.C. art. 1853 defines a judicial confession as follows:
"A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.”