|!LANDRIEU, Judge.
At issue in this appeal is whether Bobby Dwyer was a resident of his mother’s home and, accordingly, an insured of the National Fire Insurance Company of Louisiana (National) the day his dog bit a neighbor’s child.
In January of 1993, Bobby Dwyer moved out of his matrimonial domicile located at 2208 Victor Street in Chalmette and into his mother’s (Vivian Dwyer) home across the street at 2201 Victor Street. Bobby’s wife, Arlene Dwyer, continued to reside at 2208 Victor Street. Bobby and Arlene divorced in November 18, 1993, and shortly thereafter, Arlene moved from 2208 Victor Street. Bobby did not move back to 2208 Victor Street until April of 1994.
On July 12, 1993, Bobby’s dog, Sassy [1] bit and severely injured Elana Sambola. Subsequently, Elana’s parents filed suit, individually and on behalf of their daughter, against Bobby and Arlene and the Lafayette Insurance Company who was the insurer of the 2208 Victor Street home. Upon learning *958 that Bobby was residing at his mother’s home at the time of the incident, the Sambo-las ^amended their complaint and added the National Union Fire Insurance Company of Louisiana (National), the insurer of Vivian’s home, as a defendant.
On December 19, 1994, the Sambolas filed a motion for declaratory judgment on the issue of Bobby’s coverage under the National policy. The trial court, based on deposition testimony and memoranda filed in support of and opposition to the motion, rendered judgment against National. National asserts that the trial court erred in finding that Bobby was a resident of 2201 Victor Street on the day of the dog attack.[2]
National argues that Bobby was never a resident of 2201 Victor Street because he intended to return to 2208 Victor Street after his divorce. However, National’s argument is misplaced because intent is necessary for determining domicile, not residence. See La.Civ.Code art. 38 (West 1993). This Court addressed the difference between “domicile” and “residence” as follows:
“Residence” is not a specific legal term. It is in common usage and has a variety of meanings. One may have a residence in a home, institution, town, city, parish, state, country, continent, etc. The term is nebulous and has no precise meaning. A person’s residence is his dwelling place, however temporary, and regardless of whether he intends it to be his permanent home. In contrast, domicile is where one makes his habitual residence. Domicile should not be confused with residence. Residence and domicile are not synonymous, and a person can have several residences but only one domicile. (Citations omitted).
Guauthier v. Benson, 95-1730, 95-2470, (La. App. 4th Cir. 1/11/96), 667 So.2d 1181, 1183, writ denied, 96-0275, (La. 2/9/96), 667 So.2d 545.
The insurance policy in question does not define “resident.” The phrase “resident of the same household,” as used in insurance policies, does not have a precise or absolute meaning. Bearden v. Rucker, 437 So.2d 1116,1120 (La.1983), citing Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La. 1981), 13on remand, 415 So.2d 572 (1982). However, the use of “resident” as it extends coverage in an insurance policy will be interpreted in its most inclusive sense. Clark v. Harris, 522 So.2d 673 (La.App. 5th Cir.1988) citing Bond v. Commercial Union Assur. Co., 407 So.2d at 407-408. And each case involving “residency” for the purpose of insurance coverage should be resolved on the particular facts. Tucker v. State Farm Fire and Casualty Ins. Co., 599 So.2d 447, 450 (La.App.2d Cir.1992), writ denied, 604 So.2d 1004 (La.1992).
National also argues that Bobby was not a resident because his stay at 2201 Victor Street was temporary. National contends that the term “resident” implies an element of permanency as distinguished from a temporary “visitor” and cites State Farm Fire and Casualty Co. v. Zurich Amer. Ins. Co., 459 So.2d 205 (La.App. 3d Cir.1984), writ denied, 463 So.2d 603 (1985). In State Farm, the questionable insured had been visiting for a week-end and could be readily identified as a “visitor.” Bobby, on the other hand, was not a temporary guest or a visitor. He and two of his children moved to 2201 Victor Street for a period of sixteen months, from January of 1993 until April of 1994. When he moved to his mother’s house, he brought his clothes and personal possessions with him.
While there, he was a member of the household. He returned to 2201 Victor Street at the end of each work day, spent most nights there, and in the morning got ready for work there. Bobby had a key to the 2201 Victor Street house and came and went at his pleasure. Although his mail continued to be delivered to 2208 Victor Street, it was regularly brought to him at 2201 Victor Street by one of his children or his wife because, as he stated, that was where he could be found. •
Bobby’s wife, Arlene, testified that in January of 1993 Bobby moved to his mother’s home along with two of their three children *959 and took almost all of Ms clothing and personal possessions except for a “few odds and ends.” She also [4stated that she saw his truck parked at Ms mother’s house every evening during the time she continued to reside at 2208 Victor Street. In light of these facts, Bobby could not be considered anytMng but a resident of 2201 Victor Street.
National asserts alternatively that Bobby, at the time of the accident, was residing at his girlfriend’s trailer because that is where he allegedly spent the majority of his time when not at work. Beverly Robertson, Bobby’s girlfriend, testified that at the time of the accident Bobby was spending about three to four Mghts per week at her trailer but always returned to his mother’s house m the morning to shower. He kept no clothing or toiletries at Robertson’s trailer and only visited the trailer when Beverly was there.
This argument contradicts National’s previous argument that mtent and permanency are critical elements in establishing residency. There is no question that Bobby was a “visitor” to Beverly’s tráiler and that he had no intention of living there permanently, especially in light of the fact that the trailer was owned by Beverly’s husband.
Although National would like this Court to believe that home is where the heart is, the mere fact that a person chooses to spend occasional Mghts at another’s home, does not make it that person’s residence.
The plaintiffs contend that National’s coverage must extend to Bobby because he has an undivided ownership mterest in 2201 Victor Street. They assert that his status as a co-owner makes him a “named insured” whether or not he is named on the declaration page. Because tMs Court has already established that Bobby is covered under National’s policy as a “resident” of 2201 Victor Street, we pretermit the question of whether he is covered as an undeclared “named insurer.”
For the above reasons, the trial court’s judgment is affirmed.

AFFIRMED.

. Arlene had given Sassy to Bobby previously as a Valentine's Day present. Sassy was living with Arlene at the time of the attack.

. A declaratory judgment has the force and effect of a final judgment and can be appealed. La. Code Civ.Proc. arts. 1871, 1877 (West 1990).