1 iNESTOR L. CURRAULT, Jr., Judge Pro Tem.
This appeal is taken by appellant Henry Letellier from a decision of the Office of Workers’ Compensation granting a credit to appellee Duckworth Woods Tire Service (“Duckworth”) pursuant to La. R.S. 23:1225(C)(1)(c). We affirm.
Appellant Henry Letellier was injured in the course and scope of his employment with Duckworth on November 15, 1989. He sued appellee for those injuries and was awarded temporary total disability benefits. At that time, his average weekly wage, as stipulated at the trial on the compensation proceedings, was $383.41. Mr. Letellier began receiving benefits in the amount of $255.60 per week, representing 66 2/3% of that average weekly wage.
In July of 1993, appellant began receiving Social Security Disability Benefits, which benefits are in the amount of $1,021.90 monthly. In May, 1997, the employer filed this action seeking a credit for Social Security disability benefits against its compensation obligation under Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841. The case was submitted on stipulations and briefs; the employer submitted the itemized statement of earnings from the Social Security Administration and the Notice of Award. The matter was subsequently taken under Radvisement. Ultimately, the hearing officer granted the requested credit of $117.91, and the claimant appeals from this judgment.
On appeal, Mr. Letellier urges that the hearing officer erred in granting the credit where the employer failed to prove all the essential elements necessary to establish entitlement thereto — namely, that the employer should have been required to prove both the extent of its contribution to the disability benefits, as well as the extent to which the benefits were “disability based” versus “retirement based.” Appellant contends that no evidence was offered at the hearing regarding his average weekly wage. He further argues that the employer should have been required to prove its pro-rata contribution to the Social Security fund as compared with other employers; otherwise, the employer would be receiving a windfall from collateral sources. Further, appellant asserts that the employer cannot take a credit for the “non-disability” portion of the funding, and can only receive credit for those benefits which arise solely because of disability.
ANALYSIS
Evidence As To Wages
In its reasons for judgment, the court deferred to the finding of the hearing officer in the earlier compensation proceeding relative to the average weekly wage. In construing this to be error, appellant cites La. Civil *175 Code art. 1853,[1] averring that the present matter is not the same proceeding as is |3required by the article. Mr. Letellier cites Alexis v. Metropolitan Life Ins. Co., 604 So.2d 581 (La.1992) for the proposition that an “extra-judicial” confession does not bind the claimant in subsequent litigation; therefore, the allegation contained in the worker’s compensation suit is not a judicial admission, with its conclusive effect, in the present proceeding.
In Alexis, the insurer sought to use plaintiffs allegation in an earlier worker’s compensation suit, that he was injured as the result of a work-related accident, as a judicial admission in another suit seeking certain benefits under an insurance policy. Alexis therefore presented a different factual scenario involving two separate suits or causes of action and is thus inapplicable to the present matter. This case involves the same compensation proceedings in which the employer has moved for a credit against the previous judgment.
We interpreted article 1853 in Cain v. Aquarius Builders, Inc., 96-66 (La.App. 5 Cir. 7/30/96), 680 So.2d 69:
A stipulation has the effect of a judicial admission or confession which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law, and are the law of the case. La. C.C. art. 1853; R J. D’Hemecourt Petroleum v. McNamara, 444 So.2d 600 (La.1983), cert. denied, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984); Comberrel v. Basford, 550 So.2d 1356 (La.App. 5 Cir.1989), writ[s] denied, 556 So.2d 1284, 1285, 1286 (La.1990).
^Accordingly, the joint trial stipulation entered into by the parties in the present case had the effect of a judicial confession binding both the parties and the court.
[[Image here]]
The correctness of a judicial admission cannot later be denied when the party, which the admission benefitted, relied upon it to his or her detriment. Crawford v. Deshotels, 359 So.2d 118 (La.1978); Dolsen v. City of New Orleans, 559 So.2d 50 (La.App. 4 Cir.1990). Here, the plaintiff relied on the stipulation that causation was not an issue at trial, and that he was not required to prove causation at trial.
Claimant in the present case, having stipulated to the amount of the average weekly wage, such wage is no longer an issue between the same parties in the same proceeding. Therefore the trial court did not err in accepting the earlier stipulation as to claimant’s average weekly wage.

Credits Due

La. R.S. 23:1225(C)(1) is the applicable statute in the present situation. The version of La. R.S. 23:1225(C)(1) in effect at the time of claimant’s injury read as follows:
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana worker’s compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker’s compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker’s compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of | sthe average weekly wages of the employee at the time of the injury.
The Louisiana Supreme Court, in Garrett, supra, held that La. R.S. 23:1225(C)(1)(c) applies to Social Security disability benefits as well as privately funded disability plans. Plaintiff interprets Garrett to require an employer seeking credit under the statute to prove the pro-rata share which it paid into *176 the Social Security fund, as compared with other employers. Mr. Letellier cites certain language in Garrett such as at page 843:
Benefit coordination laws are based on the premise that an employee experiencing a period of wage loss should not be permitted to receive duplicative benefits from different parts of the overall system provided by the employer and thereby recover more than the amount of his or her actual wages. The theory is that an employee experiencing only one wage loss should be entitled to receive only one wage-loss benefit from the employer. Benefit coordination laws thus avoid duplicative benefits collected from the employer ...
(Emphasis supplied)
Appellant quotes other language of the court at page 846:
We conclude that the Legislature, by not using any qualifying language such as ‘private’ and by not specifying any exceptions or exclusions from the term ‘disability benefit plans,’ meant to provide an offset for benefits received under any ‘disability benefit plan,’ at least to the extent funded by the employer.
(Emphasis supplied).
The following passage from Cousins v. City of New Orleans, 608 So.2d 978 (La.1992) is also cited by Mr. Letellier:
The present ease focuses on Section 1225 C. In that section the Legislature effectively authorized a credit |6for the employer against its worker’s compensation obligation when the employee receives other enumerated benefits. The credit is allowed for benefits received under a disability benefit plan, the credit being proportionate to the percentage of the plan funded by the employer.
Id., at page 980.
We are unable to interpret either the statute or the jurisprudence to mean that the employer, in a case involving credit for Social Security disability benefits paid, must prove the pro-rata share of benefits paid by him. The Garrett court stated (in a footnote):
The Legislature apparently intended that when an employee receives remuneration both from Louisiana worker’s compensation benefits under (a) and from any one of the other three listed sources of remuneration under (b), (e) or (d), then the employer is entitled to an offset of the benefits received from the other sources, limiting the employee to a total of sixty-six and two-thirds percent of his or her wages.
Payments made under private plans vary from employer to employer and must be quantified under the statute. See, e.g., Matthews v. City of Alexandria, 619 So.2d 57 (La.1993); Palisi v. City of New Orleans Fire Dept., 95-1455 (La.App. 4th Cir.3/12/97), 690 So.2d 1018. Social Security disability benefits are funded fifty percent by employers and fifty percent by employees. See 26 U.S.C. §§ 3101, 3102. La. C.E. art. 202,[2] ^mandates that we take judicial notice of federal laws. We find nothing in either the law or the cases which leads us to conclude that the employer must prove the pro-rata share of Social Security benefits which it paid and that it is entitled to a credit only for those benefits.
It has been held that an employer is entitled to an offset for old-age Social Security payments which the employee receives, even when those benefits were received by the claimant before becoming employed. Town of Berwick v. Justilian, 93-854 (La.App. 3d Cir.3/2/94); 634 So.2d 1365.
The employer or insurer may claim such an offset whether or not the particular employer contributed to the employee’s social security old-age insurance account. In other words, if the employee is injured on the job while receiving old-age insurance benefits, the employer or its insurer may claim the offset for that portion not funded by the employee regardless of which of his employers actually funded that portion. The only portion of old-age insurance ben *177 efits protected from offset is that which the employee funded.
Wiley v. Louisiana Hoop Co., Inc., 94-46 (La.App. 3 Cir. 10/5/94), 643 So.2d 910, writ denied 94-2684 (La.1/6/95), 648 So.2d 925. See also Duke v. Rapides Senior Citizens Center, 94-621 (La.App. 3d Cir.12/7/94); 647 So.2d 648; cert. denied, 95-0055 (La.3/17/95), 651 So.2d 268; City of Pineville v. Coleman, 93-944 (La.App. 3d Cir.4/6/94); 635 So.2d 583. Relative to the amount of credit due, sections 1225(C)(1)(b) and (c), although differently worded, convey the same meaning from two different perspectives. Garrett, supra. For purposes of this statute, we see no reason to treat Social Security benefits differently, whether they derive from disability or old age.
In Newell v. Out of the Woods, Inc., 97-1287 (La.App. 1 Cir. 4/8/98), 711 So.2d 800 the worker’s compensation judge had interpreted the phrase “in the proportion funded by an employer” to mean the total amount contributed to the disability plan by that employer. The First Circuit reversed, holding that the employer in that case was entitled to an offset of 50% of the Social Security benefits received by the employee “as fifty percent is the ‘proportion funded by an employer.’ ”
In conclusion, we concur with the analyses of the First and Third Circuit. We therefore hold that in the present case, Duckworth, having proven that it paid benefits into the Social Security system on behalf of claimant, is entitled to the credit as ordered by the trial judge. The exhibits admitted at trial, evidence that at this time, there is no double offset (one state and one federal). The only deduction made as of the trial of the matter was for medicare premiums.
DECREE
For the foregoing reasons, the judgment is affirmed. Appellant is assessed all costs of this appeal.
AFFIRMED.

. Art. 1853. Judicial confession
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

. C.E. art. 202 provides in part:
A. Mandatory. A court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States, and of the ordinances enacted by any political subdivision within the court’s territorial jurisdiction whenever certified copies of the ordinances have been filed with the clerk of that court.