NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-474 consolidated with  13-803

REBBECCA DEVILLE, ET AL.

VERSUS

PROGRESSIVE SECURITY INS. CO., ET AL.

consolidated with

REBBECCA DEVILLE AND KENNETH DEVILLE

VERSUS

PROGRESSIVE SECURITY INS. CO., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-11273
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.

**Michael Benny Miller**
**Jacqueline B. Maneke**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Rebecca Deville**

**Henry Gerard Terhoeve**
**Guglielmo, Marks, Schutte, Terhoeve & Love**
**320 Somerulos Street**
**Baton Rouge, LA 70802**
**(225) 387-6966**
**COUNSEL FOR DEFENDANT APPELLEE:**
    **Progressive Security Ins. Co.**

**Kenneth Deville**
**917 S. Eastern Ave.**
**Crowley, LA 70526**
**IN PROPER PERSON**

**Lisa Kay Floyd Broussard**
**202 N. 11th Street**
**Kinder, LA 70648-3623**
**IN PROPER PERSON**

**SAUNDERS, Judge.**

This case arises from a motor vehicle accident between Plaintiff, Rebbecca Deville, and Defendant, Lisa Kay Floyd Broussard, which resulted in serious injuries to Plaintiff. At issue before this court is whether the trial court erred in granting summary judgment in favor of Defendant's alleged insurer and denying Plaintiff's motion for partial summary judgment, finding that no insurance policy covered Defendant or her vehicle at the time of the accident. For the reasons discussed herein, we affirm.

FACTS AND PROCEDURAL HISTORY

On March 15, 2010, Defendant, Lisa Kay Floyd Broussard (hereinafter "Broussard") allegedly hit Plaintiff, Rebbecca Deville (hereinafter "Deville") while backing out of a driveway. Deville was a pedestrian. Broussard was driving a GMC Yukon. Deville sustained serious injuries. She filed suit against Broussard and her alleged insurer, Progressive Security Insurance Company (hereinafter "Progressive"). Progressive filed an answer denying coverage of Broussard and the vehicle. Progressive then filed a motion for summary judgment. According to an affidavit signed by Progressive representative Debra Henry (hereinafter "Henry") and attached to Progressive's motion, the only policy in Broussard's name took effect on March 18, 2010, three days after the accident. Henry specified this was not a renewal policy continuing coverage, but rather a new policy. Deville opposed Progressive's motion for summary judgment, attaching an unauthenticated Progressive policy covering Broussard and the vehicle with a term from October 20, 2009 to April 20, 2010.

Progressive then submitted a supplemental motion for summary judgment, attaching another affidavit from Henry stating that Broussard had been issued a policy to run from October 20, 2009, to April 20, 2010, but that policy was

cancelled on December 29, 2009, because Broussard failed to make a payment. The affidavit also states that Broussard was given a cancellation notice, also attached to the motion, and the policy was never reinstated.

Deville filed her own motion for partial summary judgment, seeking a judgment that a Progressive policy covering Broussard was in effect at the time of the accident. In the motion, Deville argued that inconsistencies in Henry's affidavits indicated a judicial confession, warranting summary judgment in Deville's favor on the issue of insurance coverage. Deville also argued that inconsistencies called into question Henry's credibility, warranting the denial of Progressive's motion. Filing an opposition to this motion, Progressive attached a "Second Supplemental Affidavit" in which Henry stated that Damon Broussard, Broussard's ex-husband, held a Progressive insurance policy covering the vehicle at issue, which he canceled on October 20, 2009, and never reinstated.

After a hearing, the trial court issued a judgment finding that no Progressive policy covered Broussard or her vehicle at the time of the accident. The trial court granted Progressive's original and supplemental motions for summary judgment and dismissed Deville's action against Progressive. The trial court denied Deville's motion for partial summary judgment on the issue of insurance coverage.

Deville appeals the granting of Progressive's motions and has filed a writ application seeking reversal of the trial court's judgment denying her motion for partial summary judgment. We consolidate these matters and consider the writ with Deville's appeal. For the reasons discussed herein, we find that no Progressive insurance policy covered Broussard or her vehicle on the date of the accident. Accordingly, we affirm the trial court's judgments.

## ASSIGNMENTS OF ERROR

On appeal, Deville asserts that "[t]he trial court erred in granting Progressive Security Insurance Company's Motion for Summary Judgment, dismissing it from the suit at Rebbecca Deville's cost."

In her petition for writs, Deville asserts that "[t]he trial court erred in denying Rebbecca Deville's Motion for Partial Summary Judgment."

## LAW AND ANALYSIS

This court reviews summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. Summary judgment is favored and "designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

The movant bears the burden of proof on the motion. La.Code Civ.P. art. 966(C)(2). However, where the movant will not bear the burden of proof at trial, the movant need only establish that "there is an absence of factual support for one or more elements essential to the adverse party's claim." *Id.* "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to meet his evidentiary burden of proof at trial," no genuine issue of material fact exists. *Id.*

The requirements of affidavits are set forth in La.Code Civ.P. art. 967, which states in pertinent part:

A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

Deville argues in brief that Progressive's motion for summary judgment was contrary to the "judicial confession" made by Progressive in Henry's first affidavit. Deville offers that in her first affidavit Henry stated that "Appearer has conducted a search of the records of Progressive . . . and has not found any other policy which may have afforded coverage to [Broussard]," while her second affidavit presents a canceled policy covering Broussard at one time, but not on the date of the accident. Deville argues that this constitutes a judicial confession pursuant to La.Civ. Code art. 1853. Furthermore, Deville argues the trial court erred in allowing into evidence Henry's supplemental affidavits because of this purported inconsistency.

In *Leday v. Safeway Insurance Co. of Louisiana*, 04/610, pp. 5-6 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084, 1088, this court summarized the requirements for a judicial confession as follows:

In order for a party's statement to constitute a judicial confession, it must be an express acknowledgment of an adverse fact. *Jones v. Gillen,* 564 So.2d 1274 (La.App. 5 Cir.1990); *Sanders v. Earnest,* 34,656 (La.App. 2 Cir. 7/24/01), 793 So.2d 393; *State v. Lamb,* 31,919 (La.App. 2 Cir. 5/7/99), 732 So.2d 1270. Additionally, "the adverse party must have believed the fact was no longer at issue or must have relied on it, to his detriment." *Lamb,* 732 So.2d at

4

1272; *Alexis v. Metropolitan Life Insurance Co.,* 604 So.2d 581 (La.1992); *Jefferson Parish v. Fidelity & Deposit Co.,* 95-951 (La.App. 5 Cir. 4/30/96), 673 So.2d 1238; *Jones,* 564 So.2d 1274.

In the instant case, each of Henry's affidavits offers separate, nonconflicting information regarding the history of Progressive's coverage of Broussard. None expresses acknowledgment of an adverse fact. On the contrary, each maintains that no Progressive policy covering Broussard or the Yukon was in effect on March 15, 2010. No one has relied on Henry's first affidavit to her detriment. In fact, Deville attempted to present an insurance policy purportedly covering Broussard following Henry's affidavit stating no such policy was in effect at the time of the accident. Clearly, Deville did not rely on Henry's first affidavit to her detriment. Progressive asserts in brief that throughout litigation "it has maintained it did not have a policy in effect on the date of the accident" covering either Broussard or the vehicle. The record supports this assertion. We see nothing in the record that in any way constitutes a judicial confession.

Furthermore, each of Henry's affidavits meets the requirements of La.Code Civ.P. art. 967(A) set forth above, and thus were properly before the trial court. Together, these affidavits not only demonstrate no contradictions, they also support Progressive's claim that it is not a proper Defendant because it did not insure any party at the time of the accident. As stated in La.Code Civ.P. art. 967(B), this shifts the burden to Deville to provide affidavits or other permissible evidence showing there is a genuine issue for trial. An authenticated Progressive insurance policy in effect on March 15, 2010, covering Broussard or the vehicle would have accomplished this. Deville offers no such evidence. A policy that had been canceled prior to the date of the accident and never reinstated is not sufficient to create a genuine issue of material fact as to whether a policy was in effect.

Deville also argues in brief that Progressive has not proven that it gave sufficient notice that the policy was cancelled, and thus the trial court erred in granting Progressive's motion for summary judgment. On the contrary, the record contains copies of Progressive's notices of cancellation to Broussard for failure to pay with supporting affidavits from Henry. Deville has submitted no evidence to refute the cancellation, and thus no evidence sufficient to defeat summary judgment in favor of Progressive.

## CONCLUSION

Plaintiff, Rebbecca Deville, alleges that the trial court erred in granting Defendant, Progressive Security Insurance Company's, motions for summary judgment and in denying Plaintiff's motion for partial summary judgment on the issue of coverage. We find that no Progressive insurance policy was in effect on the date of the accident covering Broussard or the vehicle. The trial court properly granted Progressive's motions for summary judgment and properly denied the Plaintiff's motion. Accordingly, we affirm. All costs of this appeal are assessed to Plaintiff, Rebbecca Deville.

**AFFIRMED.**